UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD ALEXANDER, SR.,

                Petitioner,

-vs-                                            Case No.  8:05-cv-208-T-24MAP

JAMES V. CROSBY, JR.,

                Respondent.
_____/

## **ORDER**

This cause is before the Court on Petitioner Howard Alexander, Sr.'s 28 U.S.C. § 2254 for writ of habeas corpus. Alexander challenges his convictions and sentences entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, in case no. 98-15330. (Doc. No. 1 at 2)

BACKGROUND

On September 16, 1998, Alexander was indicted in case no. 98-15330 for the first degree murder of victim Floyd Little; robbery of the victim with a deadly weapon; and grand theft of Little's vehicle. Represented by Harvey Hyman, Esq., Alexander proceeded to jury trial which ended in a mistrial on February 4, 1999.

Alexander was retried by jury March 29-31, 1999. The jury deadlocked on the murder count. As to the armed robbery count, Alexander was found guilty of the lesser offense of petit theft. He was found guilty as charged of the grand theft count.

Alexander was retried on the charge of first degree murder by jury May 25-26, 1999, and was found guilty of the lesser offense of manslaughter with a weapon. On June 6, 1999, Alexander was sentenced as a habitual felony offender to 25 years incarceration on the manslaughter conviction and to a "nonhabitual" concurrent sentence of 60 months incarceration on the grand theft conviction. He was sentenced to time-served on the misdemeanor petit theft conviction.

Alexander appealed, arguing the trial court erred in responding to a jury question and giving an Allen v. United States, 164 U.S. 492 (1896), charge to the jury at the third trial. On November 1, 2000, the state district court of appeal per curiam affirmed the conviction and sentence in case no. 2D99-3062. Alexander v. State, 774 So.2d 697 (Fla. 2d DCA 2000)[table]. Alexander did not seek rehearing, and did not seek certiorari review in the United States Supreme Court.

Alexander filed a pro se motion for reduction or modification of his sentence under Florida Rule of Criminal Procedure 3.800(c) dated January 8, 2001. (Resp. Ex. 8) The motion did not attack his sentence as unlawful or illegal on state or federal grounds. Instead, in the motion, Alexander alleged that he was sorry for what he had done and alleged that if the Court would allow him to return to society he would be a changed man and would be a productive member of society. In essence, he was asking for mercy from

the Court and asking that the Court resentence him based on his remorse and behavioral changes.

The rule 3.800(c) motion was initially denied on January 24, 2001. Alexander improperly appealed the denial of the rule 3.800(c) motion, which is non-appealable under state law. On July 20, 2001, the improper appeal in case no. 2D01-1199 was dismissed for lack of jurisdiction. Alexander v. State, 793 So.2d 940 (Fla. 2d DCA 2001)[table].

By that time, Alexander had filed a pro se petition for writ of certiorari dated February 16, 2001, in case no. 2D01-752, related to his Rule 3.800(c) motion. Alexander did not did not attack his judgment in the petition; instead, Alexander complained that neither he nor his counsel was present when his rule 3.800(c) motion was denied.[1] On May 10, 2002, the state district court of appeal quashed the rule 3.800(c) state trial court order denying relief and remanded to the state trial court for consideration on the merits. Alexander v. State, 816 So.2d 778 (Fla. 2d DCA 2002). The state district court of appeal order states, in relevant part:

> Howard Alexander seeks review of the trial court's order denying his motion to mitigate his sentence. He petitions for a writ of certiorari arguing that the trial court erred in denying his motion after a hearing at which he was not present. We grant his petition and quash the order.
>
> After this court affirmed his judgment and sentence for manslaughter and grand theft, Alexander timely filed a motion to mitigate his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The trial court, without notice to Alexander, held a hearing on that motion on January 24, 2001. Even though Alexander was in the State's custody, neither he nor his attorney appeared at the hearing. On January 26, 2001, Alexander received a notice from the clerk of the circuit court advising him that his motion was

---

[1] Nothing in the record indicates that Alexander had attorney representation at the time Alexander filed the 3.800(c) motion.

> "heard in court and was denied." The clerk attached a copy of the court's calendar which indicated that the motion was denied with the notation "no one present."
>
> Although orders issued pursuant to rule 3.800(c) are not appealable, we may exercise our certiorari jurisdiction to review such an order. Brown v. State, 707 So.2d 1191 (Fla. 2d DCA 1998).
>
> Alexander maintains that he has been denied due process, suggesting that either the State had the opportunity to provide ex parte communication to the court or the court had failed to address the merits of his motion, merely denying the same because no one was there to argue the merits. The State denies that any ex parte communication took place here. However, it concedes that the trial court did not decide the motion on its merits but merely denied it because neither Alexander nor his attorney was present. The State asserts that the order should be quashed and the motion returned to the trial court for consideration on its merits. We agree.
>
> A ruling on a motion to reduce or modify sentence is one subject to the trial court's discretion, see State v. Richardson, 766 So.2d 1111 (Fla. 3d DCA 2000), and does not require an evidentiary hearing. However, Alexander is entitled to a ruling on the merits of the motion and, if a hearing is to be held, to be present.
>
> Accordingly, we grant the petition for a writ of certiorari, quash the order denying the motion to mitigate, and remand to the trial court for consideration of the motion on its merits. The trial court may determine the motion with or without a hearing; however, if the trial court chooses to hold a hearing, Alexander should be given the opportunity to attend and participate. GRANTED. . . .

Alexander, 816 So.2d at 779-780.[2]

The record does not reflect the outcome of the rule 3.800(c) remand. However, there was no mitigation of the sentence, and this Court construes that outcome as a denial of the rule 3.800(c) motion and any appeal or petition for writ of certiorari related to the rule 3.800(c) motion.

---

[2] On August 6, 2001, a duplicative certiorari petition in case no. 2D01-2714 was dismissed without elaboration. Alexander v. State, 798 So.2d 730 (Fla. 2d DCA 2001)[table].

Subsequently, Alexander filed a pro se motion for postconviction relief dated February 27, 2002, under Florida Rule of Criminal Procedure 3.850. (Resp. Ex. 26)   On August 29, 2002, the state trial court summarily denied grounds two, and five through nine of the motion, and directed the state to respond to grounds one, three, and four. (Resp. Ex. 27) Following the state's response (Resp. Ex. 28), the state trial court denied the remaining grounds without an evidentiary hearing on November 21, 2002. (Resp. Ex. 29)

Alexander did not timely appeal the summary denial. Thereafter, Alexander's untimely appeal was dismissed on May 15, 2003 in case no. 2D03-1289. Alexander v. State, 848 So.2d 315 (Fla. 2d DCA 2003)[table]. Subsequent to filing a pro se belated petition dated May 29, 2003 (Resp. Ex. 35), Alexander was granted a belated collateral appeal after an evidentiary hearing held October 23, 2003, for the limited purpose of determining when Alexander received the state trial court's order on his rule 3.850 motion.

On June 25, 2004, the state district court of appeal per curiam affirmed the summary denial of his rule 3.850 motion in case no. 2D04-306. Alexander v. State, 880 So.2d 1218 (Fla. 2d DCA 2004)[table]. The mandate issued July 21, 2004.

## PETITION IS TIME-BARRED

The present petition for writ of habeas corpus was delivered to the prison authorities at Mayo Correctional Institution on January 10, 2005. (See stamp on first page of petition).[3] Alexander signed the petition on December 10, 2004.

---

[3] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that under the mailbox rule, a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment and time the inmate loses control over the document by entrusting its further delivery or processing to agents of the state.  The Florida Supreme Court adopted the mailbox rule in 1992.  See Haag v. State, 591 So. 2d 64 (1992).

Alexander's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. The AEDPA imposes a one-year statute of limitations on all habeas corpus petitions. In most cases, the AEDPA's limitations period begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002). The Supreme Court, in Clay v. United States, 537 U.S. 522 (2003), observed that § 2244(d)(1)(A)'s reference to a judgment becoming final "by the conclusion of direct review or the expiration of the time for seeking such review" made it clear that finality, for purposes of § 2244(d)(1)(A), was to be determined by reference to a uniform federal rule, rather than to state-law rules, which might (1) differ from the general federal rule, and (2) vary from state to state. In reversing a judgment to the effect that a federal prisoner's application for postconviction relief under 28 U.S.C. § 2255 was time-barred, the Supreme Court noted that the Federal Courts of Appeals had uniformly interpreted "direct review" in § 2244(d)(1)(A) to encompass review of a state conviction by the Supreme Court. Id.

The time during which a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2). In Artuz v. Bennett, 531 U.S. 4 (2000), the Supreme Court determined that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. at 8. Therefore, under Artuz, the Court looks to the state procedural rules governing filings to determine whether an application for state post-

conviction relief is "properly filed." Wade v. Battle, 379 F.3d 1254, 1259-1260 (11th Cir. 2004).

In Alexander's case, for purposes of 28 U.S.C. § 2244(d), his judgment is treated as final upon expiration of the ninety-day period for seeking certiorari review of the November 1, 2000, per curiam affirmance in his direct appeal. Accordingly, his AEDPA limitations period commenced January 31, 2001. Alexander had until January 31, 2002, to file a timely federal petition for writ of habeas corpus. He did not do so.

Alexander allowed an aggregate period of over a year to elapse that was not tolled before he filed his federal petition. No portion of the periods during which Alexander's 3.800(c) motion was pending in the state trial court or the state district court of appeal tolled the running of the one-year AEDPA limitations period because a motion to mitigate sentence in Florida under rule 3.800(c) does not operate as a vehicle for collateral review of the legality of the judgment and does not qualify as a tolling application under § 2244(d). See Martinez v. Crosby, 2005 WL 3133471 (M.D. Fla., Nov. 23, 2005); Walkowiak v. Haines, 272 F.3d 234, 237-38 (4th Cir. 2001) (A motion for reduction of sentence required by West Virginia law to be filed within 90 days after sentencing does not constitute application for collateral review within the meaning of 28 U.S.C. § 2244(d)(2).).

Unlike a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), a rule 3.800(c) motion is not a collateral attack mechanism for challenging the sentence. Pursuant to rule 3.800(a), a Florida court may correct an illegal sentence, an incorrect calculation in a sentencing scoresheet, or a sentence that does not grant proper credit for jail time served when it is affirmatively alleged that the court records demonstrate on their face an

entitlement to that relief. A rule 3.800(a) motion is part of the collateral review process in Florida.

In contrast, a rule 3.800(c) motion, which does not attack the legality or lawfulness of the sentence, is not a mechanism for collateral review with respect to the pertinent judgment. Rule 3.800(c) provides as follows:

> Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

From the plain language of the rule, it can be seen that rule 3.800(c) provides the trial court a mechanism to modify a <u>legal</u> sentence. Unlike a rule 3.800(a) or 3.800(b) motion, a 3.800(c) motion is not a vehicle for raising legal error in the sentence. Furthermore, denial of a rule 3.800(c) motion is not appealable, e.g., <u>Bateman v. State</u>, 866 So.2d 211 (Fla. 4th DCA 2004). A rule 3.800(c) motion is not part of the "ordinary" direct or collateral review process of a conviction or sentence in Florida.

In <u>Ford v. Moore</u>, 296 F.3d 1035 (11th Cir. 2002), the Eleventh Circuit addressed a Florida prisoner's contention his rule 3.800 motion tolled his limitations period. The State conceded Ford's Rule 3.800 motion was a "properly filed" application for collateral review

-8-

with respect to the pertinent judgment as required by AEDPA's tolling provision but argued rule 3.800 did not toll the limitations period because it did not contain a federal cognizable claim. The Eleventh Circuit did not reach the issue of whether the rule 3.800 motion raised a federal claim because the Court concluded Ford's rule 3.800 motion tolled AEDPA's limitations period even if it only contained a state law claim. Ford, 296 F.3d at 1037.

The Ford decision does not identify whether the Court was addressing a rule 3.800(a) motion. Nonetheless, it can be determined from Ford that the Eleventh Circuit was addressing the tolling effect of a rule 3.800(a) motion by the Court's citation to Wyche v. State, 624 So.2d 830, 832 (Fla. 1st DCA 1993). Ford, 296 F.3d at 1038. Wyche recognized that rule 3.800(a) is reserved for cases in which the sentence imposed is not authorized by law such as "where the sentence exceeds the statutory maximum sentence for the crime charged." Wyche, 624 So.2d at 832.

Because the purpose of a motion to modify or reduce sentence in Florida is to adjust a sentence on a prayer for leniency or mercy and is not a mechanism for review of the validity of the sentence, a rule 3.800(c) motion does not constitute collateral review as contemplated by the AEDPA tolling statute. Accordingly, Alexander's rule 3.800(c) motion was not a tolling motion under § 2244(d)(2). Compare, Bridges v. Johnson, 284 F.3d 1201, 1203 (11th Cir. 2002)(pendency of application before state sentence review panel did not toll AEDPA's one-year limitations period; panel's sole task was to determine whether sentence was excessively harsh in comparison to other sentences for similar crimes and criminal histories and thus did not qualify as "state post-conviction or other collateral review"). Alexander's 3.800(c) motion for mitigation is similar to a prisoner's clemency

application in the sense that the motion is not an application for reviewing the validity of the judgment. Cf., Malcom v. Payne, 281 F.3d 951 (9th Cir. 2002)(petition for clemency under Washington state law was not an application for "state post-conviction or other collateral review" and therefore did not toll the statute).

By the time Alexander filed his 2003 rule 3.850 motion on February 27, 2002, his limitations period had expired on January 31, 2002. Alexander's rule 3.850 motion, filed after the expiration of the AEDPA limitations period, did not toll the one-year period because there was no period remaining to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 motion outside limitations period); see also, Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991 (2000)(rejecting argument that AEDPA limitations period tolled for time period prisoner had availed himself of new rule setting two-year limit for ineffective assistance of appellate counsel claims).

## EQUITABLE TOLLING

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case); cf., Pliler v. Ford, 542 U.S. 225 (2004). The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310,

1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' " Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Alexander's is not a case where extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his federal petition. In addition to his delay before filing his rule 3.850 motion, Alexander delayed in filing his federal petition following issuance of the mandate in the collateral appeal of the rule 3.850 denial. Alexander has not alleged a sufficient basis upon which to conclude he used due diligence in pursuing his grounds and seeking federal habeas corpus relief in a timely manner. See Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002)(holding movant failed to show delay in excess of seven years from finality of conviction before filing § 2255 motion was result of extraordinary circumstances beyond his control or unavoidable even with diligence (citing Malcom v. Payne, 281 F.3d 951, 963 (9th Cir. 2002)("With 20/20 hindsight, the decision [to seek other collateral relief first] may have been unfortunate, but it was not beyond [petitioner's] control.")).

Alexander has not demonstrated any extraordinary circumstances that would entitle him to equitable tolling.

Furthermore, even if the petition were not time-barred, Alexander is not entitled to habeas corpus relief on the merits of his claims. The Court finds Respondent's arguments and case law citations persuasive, and adopts and incorporates those arguments herein.

Accordingly, the Court orders:

That Alexander's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Alexander and to close this case.

ORDERED at Tampa, Florida, on March 23, 2006.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record

Howard Alexander, Sr.